IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TINA JIMERSON                                                                            PETITIONER
ADC #704449

VS.                                     No. 5:15CV00208 BSM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                RESPONDENT

RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now the respondent, Ray Hobbs, by and through counsel, Leslie Rutledge, Attorney General, and Rachel Kemp, Assistant Attorney General, and for her response to petition for writ of habeas corpus states:

I.

PROCEDURAL HISTORY

On September 22, 1988, Myrtle Holmes was found brutally murdered; her beaten and stabbed body dumped in the trunk of her own car. *Brown v. State*, 315 Ark. 466, 468, 869 S.W.2d 9, 10 (1994).[1] Charlie Vaughn, John Brown, Jr., and Reginald Early were each charged with her capital murder on March 16, 1991, in Dallas County Circuit Court. *Id*. On March 25, 1991, Vaughn pleaded guilty to first-degree murder and was sentenced to life in prison. *Id*. His guilty plea implicated a third co-defendant, the petitioner, Tina Jimerson. *Id*. She was charged with capital murder as an accomplice on March 27, 1991. *Id*.

---

[1] The petitioner, Tina Jimerson, was tried with two co-defendants, John Brown, Jr., and Reginald Early. Jimerson and Early appealed together, and their appeal was consolidated with Brown's separate appeal. *See Brown*, 315 Ark. at 468, 869 S.W.2d at 10.

1

Jimerson, Brown, and Early were tried together. *Id*. The jury trial ended in a mistrial, and the felony informations were subsequently amended to charge each of the three co-defendants with first-degree murder and aggravated robbery. *Id*. All three co-defendants were found guilty by a jury on both charges and each sentenced to life in prison on both charges. *Id*. A judgment was entered on August 19, 1992. A copy of Jimerson's judgment-and-commitment order is attached as Respondent's Exhibit A.

Jimerson raised the following four points in her direct appeal to the Supreme Court of Arkansas: (1) the trial court erred in refusing to sever her trial from that of the other co-defendants; (2) the trial court erred in allowing the testimony of witness Michael Early; (3) the evidence was insufficient to support her convictions; and (4) the trial court erred in allowing Donald Smith to testify about hairs found in the victim's hand. *Brown*, 315 Ark. at 470-72, 869 S.W.2d at 11-12. Copies of the argument portions of the appellate briefs have been ordered and will be submitted under separate cover as Respondent's Exhibit B. The Supreme Court of Arkansas affirmed Jimerson's convictions and sentences on January 10, 1994. *Brown*, 315 Ark. at 469, 472, 869 S.W.2d at 10, 12. Jimerson did not seek post-conviction relief in state court.

The transcript of Jimerson's trial proceedings is available and is submitted herewith as Respondent's Exhibit C. Respondent admits that Jimerson is in her custody pursuant to Jimerson's convictions and sentences in Dallas County Circuit Court, Case Number CR 1991-10. Respondent also admits that Jimerson has no unexhausted, non-futile state remedies available to her. Respondent denies, however, that Jimerson is entitled to an evidentiary hearing or any habeas corpus relief in this action.

## II.

## **PRESENT PETITION**

On June 30, 2015, Jimerson, through counsel, filed the present petition for a writ of habeas corpus. In the petition, she raises two grounds for relief: (1) a violation of due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) a violation of due process rights under *Arizona v. Youngblood*, 488 U.S. 51 (1988). Jimerson's claims both stem from allegations that the State failed to disclose to defense counsel that, prior to his guilty plea, co-defendant Vaughn made secretly-recorded statements to a jailhouse informant, Ronnie Prescott, the recordings of which were destroyed in bad faith. According to Prescott's July 11, 2014, affidavit, appended to Jimerson's petition, during the conversations, Vaughn told Prescott it was the girlfriend of one of the co-defendants who drove them to and from the residence where the murder and robbery occurred. Doc. 1 at 9-11 (Exhibit 1). Jimerson contends that, because she was never romantically involved with any of her co-defendants, "this could have suggested that she was misidentified by Vaughn."[2] Doc. 1 at 4. She also contends that the conversations could have corroborated Vaughn's testimony at trial that he falsely confessed out of fear that he would be sentenced to death. Based on the reasons set forth below, Jimerson is not entitled to relief.

---

[2] Prescott, the alleged informant, did not testify at Jimerson's trial, and Vaughn recanted his confession at her trial. Consequently, the transcript of Vaughn's guilty-plea hearing, during which he implicated Jimerson as the driver, was read into evidence. Doc. 1 at 21-73 (Exhibit 6). The testimony of three other witnesses also placed all of the co-defendants together on the night of the murder/robbery, with Jimerson driving the group. *See Brown*, 315 Ark. at 471, 869 S.W.2d at 12.

## III.

## **REASONS WHY RELIEF SHOULD BE DENIED**

### A. Statute of Limitations

Jimerson's petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides a one-year period of limitation on an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" 28 U.S.C. § 2244(d)(1)(A), or, in some cases, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitation period is tolled, however, while properly-filed applications for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim are pending. 28 U.S.C. § 2244(d)(2). Petitioners whose convictions became final before April 24, 1996 – the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA) – are given one year from that date, or until April 24, 1997, to file a federal habeas petition. *E.g.*, *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003).

Jimerson's convictions became final before AEDPA's effective date. Thus, she had one year from the effective date, or until April 24, 1997, to file her petition. The one-year period was not tolled by any properly-filed petitions for post-conviction relief in state court. Because Jimerson waited over 19 years after AEDPA's effective date to file her petition, the petition is clearly barred under § 2244(d)(1)(A).

Section 2244(d)(1)(D) is of no help to Jimerson either. Although Jimerson asserts that "[t]he facts that are the basis of the claims herein did not become known to [her] until 2014 and 2015[,]" Doc. 1 at 5, she has not demonstrated that, through the exercise of due diligence, she could not have discovered the facts earlier. *See, e.g., Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (the limitation period under § 2244(d)(1)(D) starts to run when the factual predicate could have been discovered through due diligence, not when it actually was discovered). The Supreme Court of Arkansas affirmed her convictions and sentences over 20 years ago, yet it apparently was just two years ago that she initiated an investigation relating to her convictions, during which the facts supporting her claims were discovered. *See* Doc. 1 at 12 (Exhibit 2) (affidavit of private investigator, Gregory Stimis, stating he was retained by Jimerson's current counsel in 2013). Furthermore, Jimerson has included with her petition a handwritten statement signed by the alleged jailhouse informant, Ronnie Prescott, and dated March 24, 1991, memorializing the conversations he had with Vaughn. Doc. 1 at 17-19 (Exhibit 4). Although she states that this document was "apparently not disclosed to trial counsel before trial," Doc. 1 at 4, she does not indicate when or how she discovered it. The pertinent issue, however, is not when Jimerson personally discovered the factual predicate for her claim, much less when she obtained the statement; the question is when the factual predicate of her claim could have been discovered with due diligence. *See Earl v. Fabian,* 556 F.3d 717, 726 (8th Cir. 2009) (noting diligence with respect to discovering the factual predicate of a habeas claim does not extend to the discovery of "every possible scrap of evidence that might . . . support [a petitioner's] claim") (quoting *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998)). *Cf. also Johnson v. Dretke,* 442 F.3d 901, 909-11 (5th Cir. 2006) (discussing various cases that establish mere lack of knowledge of, for

example, *Brady* material is insufficient to satisfy diligence requirement of § 2244(b)(2)(B)(i) and that a petitioner must show that through investigation he would have been unable to discover the factual predicate sooner than he did).

An official memorandum dated March 25, 1991, in the Arkansas State Police's criminal investigation file for the case, moreover, refers to an interview with Prescott on March 24, 1991, and also to a handwritten statement taken from Prescott.[3] Doc. 1 at 20 (Exhibit 5). Given that these documents existed as early as 1991, it is unlikely that, through the exercise of reasonable diligence, it would have taken over 20 years to discover these facts. For this reason, the petition is barred under § 2244(d)(1)(D), as well.

Furthermore, Jimerson is not entitled to any equitable tolling of the one-year limitation period. And for good reason – nothing prevented her from filing her federal habeas petition on time. "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief[,]" *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), and it "is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time[,]" *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), or "when the State prevents the prisoner from taking more timely action." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2003), *cert. denied*, 539 U.S. 933 (2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

Jimerson failed to pursue her rights diligently, as she waited until June 30, 2015, to

---

[3] The Arkansas State Police were involved in the investigation of the crime. *See* Respondent's Exhibit C, Trial Record at 703-05.

file her federal habeas petition – over 20 years after the Supreme Court of Arkansas affirmed her convictions and sentences. *See Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (holding Nelson was not diligent in pursuing his rights by waiting until nine months after the Arkansas Supreme Court denied rehearing to file his federal habeas petition). Jimerson has not shown that some extraordinary circumstance stood in her way to prevent a timely filing. Therefore, she is not entitled to equitable tolling. Because she filed her petition after the one-year limitation period had expired, and because she is not entitled to equitable tolling, this Court should dismiss her petition as time-barred under § 2244(d)(1).

    B. **Procedural Default**

In addition to the petition being barred by the AEDPA statute of limitations, Jimerson's claims are procedurally barred from federal review and should be dismissed. Before a claim may be raised in a federal habeas petition, both the factual grounds and the legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review. *E.g.*, *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997). This follows the principle that state courts should have the opportunity to review lower state court decisions and correct any federal constitutional errors. *E.g.*, *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). When a petitioner fails to fairly present the facts and substance of his federal claims or fails to present his claims in a timely and procedurally correct manner so as to allow review on the merits, his claims will be procedurally defaulted. *E.g.*, *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). If a petitioner has procedurally defaulted his claims, a federal court cannot hear them absent a showing of cause and actual prejudice, or a showing of actual innocence. *E.g.*, *Heffernan v. Norris*, 48 F.3d 331, 333 (8th Cir. 1995). In order to prove cause, the petitioner must show that some

external impediment prevented him from raising the claim below.  *E.g.*, *Murray v. Carrier*, 477 U.S. 478, 492 (1986).  Consideration of the prejudice prong is unnecessary, unless the petitioner can first establish cause for his procedural default.  *E.g.*, *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Jimerson did not raise in state court a claim that her due process rights were violated under either *Brady v. Maryland*, 373 U.S. 83 (1963), or *Arizona v. Youngblood*, 488 U.S. 51 (1988).  Accordingly, her claims here are procedurally barred from review.  Because her claims are procedurally defaulted, and because she has not demonstrated cause and prejudice or actual innocence to excuse the default, the claims should be dismissed.

**IV.**

**RESPONSE TO REQUEST FOR EVIDENTIARY HEARING**

In her petition, Jimerson requests that the Court conduct an evidentiary hearing on her claims in the present proceeding.  Doc. 1 at 6.  Jimerson, however, has not satisfied the threshold requirements for obtaining an evidentiary hearing at this juncture.  Because an evidentiary hearing is not warranted in this case, her request should be denied.

A hearing on the merits of a § 2254 petition is not a matter of right.  General principles underlying habeas corpus jurisprudence, as well as specific provisions of the AEDPA, significantly restrict a district court's discretion to grant a hearing or relief in a state prisoner's § 2254 proceeding.  *E.g.*, *Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007) (noting the decision to hold a hearing is a discretionary one unless precluded by specific provisions of the AEDPA and affirming district court's decision to deny a hearing on claim that counsel failed to investigate and present mitigating evidence).  Where, for example, AEDPA will bar the grant of habeas relief under § 2254(d) or will preclude a hearing under

§ 2254(e)(2), a court does not abuse its discretion in denying a hearing on the merits, regardless of what a habeas petitioner thinks he may be able to show at a hearing. *Id.* at 473–75, 478. As explained above, Jimerson's petition is time barred, and her claims also are procedurally barred from review. Jimerson has not asserted any legitimate basis for overcoming these bars to relief, so her request for an evidentiary hearing simply is untenable and should be denied.

## V.

## CONCLUSION

WHEREFORE, Respondent prays that the Court deny the petition for a writ of habeas corpus without a hearing pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2254(e)(2). Respondent requests leave to plead further in the event that the Court holds that the merits of the petitioner's petition may be reached.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

BY:   /s/ Rachel Kemp
RACHEL KEMP
Arkansas Bar # 2008083
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-5587
Rachel.Kemp@arkansasag.gov

Attorneys for Respondent

**CERTIFICATE OF SERVICE**

      I, Rachel Kemp, hereby certify that on this 15th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the document, along with a copy of the Notice of Electronic Filing, by U.S. Mail, postage prepaid, to the following party:

Ms. Karen L. Daniel
Center on Wrongful Convictions
Bluhm Legal Clinic
Northwestern University School of Law
375 East Chicago Avenue
Chicago, Illinois  60611

                                      /s/ Rachel Kemp
                                      RACHEL KEMP